UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TRACY JACKSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CV-153 |
| | ) | | (VARLAN/GUYTON) |
| TOWN OF CARYVILLE, TENNESSEE, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |
| ULESS JOE ARNOLD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CV-240 |
| | ) | | (VARLAN/GUYTON) |
| TOWN OF CARYVILLE, TENNESSEE, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

### MEMORANDUM AND ORDER

This civil action is before the Court on the Objection [Doc. 45] of defendants, Stephanie R. Smith, Bill Widener, and the Town of Caryville, Tennessee, to the Memorandum and Order (the "M&O") [Doc. 41] of Magistrate Judge Guyton, granting plaintiff Tracy Jackson's Rule 56(d) Motion for Additional Time to Take Discovery [Doc. 37] and directing plaintiff to send notice of and complete the deposition of the confidential informant, Cynthia Drummond (the "CI"), as soon as practicable and without delay. Plaintiff has responded in opposition to defendants' objection [Doc. 46] and has filed a notice regarding the deposition of the CI [Doc. 47].

Defendants argue that the M&O is contrary to law, that it should be reversed, and that plaintiff's motion for additional time should be denied. Defendants assert that the ruling of the M&O, that plaintiff be permitted to conduct an untimely deposition of the CI after the discovery period has closed and after defendants' summary judgment motion has been fully briefed, is a clear error of law. They assert that plaintiff has not shown diligence in requesting or arranging the sought-after deposition and that she has failed to comply with the deadlines set forth in the Court's scheduling order.

I.  **Relevant Facts and Procedural History**

This consolidated civil rights action involves claims under both federal and state law by two plaintiffs. Only one of the plaintiffs, plaintiff Tracy Jackson, has brought the instant motion. On October 27, 2010, the Court entered a scheduling order [Doc. 20], setting forth a motion to compel deadline of June 19, 2011, a dispositive motion deadline of June 19, 2011, and a discovery deadline of July 19, 2011. Following entry of the scheduling order, the parties served their interrogatories. An interrogatory plaintiff propounded on defendants included a request to identify the CI. Defendants identified the CI as "Cynthia Drummond" in their response [Doc. 39-1]. The parties conducted depositions in April and May of 2011. The identity of the CI was discussed at the deposition of defendant Stephanie Smith on May 5, 2011[Doc. 39-7, p. 2].

Around June 21, 2011, defendants filed the motion for summary judgment, asserting that summary judgment in their favor is appropriate and that they are entitled to qualified immunity [Docs. 25, 30]. On July 12, 2011, plaintiff filed a response in opposition [Docs.

31, 32]. Sometime between defendants' filing of the motion for summary judgment and plaintiff's response, counsel for plaintiff contacted counsel for defendants and discussed the possibility of conducting a deposition of the CI [Doc. 39-6, ¶ 3]. Counsel for defendants advised counsel for plaintiff that defendants had no control over the CI to produce her for a deposition, but agreed to hold open July 18 and 19 for a potential deposition [*Id.*]. On July 19, 2011, the date of the discovery cut-off, defendants filed their reply [Doc. 35]. As of that date, the CI's deposition had not been taken and counsel for defendants submits that he had no further contact with counsel for plaintiff regarding the deposition [Doc. 39-6, ¶ 4].

On the evening of July 19, 2011, counsel for plaintiff faxed a letter to counsel for defendants requesting that defendants provide plaintiff an un-redacted copy of a document, provided to plaintiff during discovery, that contained the CI's redacted address and telephone number [Doc. 39-2]. Counsel for plaintiff stated that he had been unable to locate the CI by any other means and that "[i]t is important that we have the opportunity to depose [the CI] prior to the [C]ourt ruling on your summary judgment motion, I would anticipate filing a Rule 56(d) motion asking the [C]ourt for further discovery and to compel this information shortly." [*Id.*]. Over the next several days, counsel for defendants and counsel for plaintiff agreed to the entry of a protective order [Doc. 38], and counsel for defendants provided plaintiff the un-redacted document containing the CI's contact information. Counsel for defendants objected, however, to plaintiff's request for discovery past the discovery deadline, including a deposition of the CI [Doc. 39-5].

3

On July 26, 2011, plaintiff filed the motion for additional time to take discovery [Doc. 37], and affidavit of counsel, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. In the motion, plaintiff requested that the Court stay the determination of defendants' motion for summary judgment and requested leave to take the deposition of the CI in order for plaintiff to file a more complete opposition [*Id.*]. Defendants responded in opposition [Doc. 39]. Plaintiff did not file a reply. The Court referred the matter to the magistrate judge. The magistrate judge issued the M&O granting plaintiff's motion and directing plaintiff to complete the deposition of the CI as soon as practicable and without delay and to then notify the Court so defendants' motion for summary judgment could be ruled on [Doc. 41, p. 3].

Defendants filed a motion signaling their intent to object to the M&O and requesting a limited stay of execution of the M&O, including the deposition of the CI, pending the Court's resolution of defendants' objection. The Court denied the request for a limited stay, noting that a stay would unnecessarily delay disposition of the pending motion for summary judgment and the resolution of this case. However, in light of defendants' signal that they intended to filed objections to the M&O, the Court rescheduled the trial of this matter to give the parties and the Court time to fully analyze and consider defendants' objection.

Plaintiff responded in opposition to defendants' objection. However, subsequent to filing her opposition brief [Doc. 46], counsel for plaintiff filed a notice regarding the deposition of the CI [Doc. 47]. In the notice, plaintiff states as follows:

> By Order of the Court [Doc. 41] (the M&O), the Plaintiff hereby notifies the Court of her efforts to depose [the CI] and that, despite the expending of significant time, effort, and resources, the Plaintiff has

4

> still not been able to effect service of a deposition subpoena on [the CI] and likely will never be able to do so.

[*Id.*, p. 1]. Plaintiff then outlined her efforts to locate the CI, concluding with, "[t]he Plaintiff, to her great displeasure, has no way to procure service of a deposition subpoena upon [the CI] and no available means to discover her whereabouts, despite [defendants] having been able to procure her affidavit as recently as April 29, 2011." [*Id.*, pp. 2-3].

## II. Standard of Review

For nondispositive matters, a district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to the magistrate's conclusions of law. *See Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir.1991), *overruled on other grounds, Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir.1997). A decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio. Mar. 22, 2001) (internal quotation and citation omitted).

5

**III. Analysis**

It is in the Court's discretion whether to grant or deny a Rule 56(d) motion. *Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 478 (6th Cir. 2010). Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons that [she] cannot present facts essential to justify [her] opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

Factors for the Court to consider when determining whether relief under Rule 56(d) should be granted include: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Id.* (citing *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006)). The overarching inquiry for these overlapping factors is whether the moving party was diligent in pursuing discovery. *Dowling*, 593 F.3d at 478.

---

[1] Rule 56 was revised in December 2010 and in the revised rule, subdivision (f) became subdivision (d). The substantive portions of that rule, however, were not substantially changed.

6

In *Audi AG v. D'Amato*, the Sixth Circuit addressed a party's request for additional discovery outside of the discovery period. 469 F.3d at 541. The defendant, D'Amato, faxed the plaintiff a notice to take an additional deposition on the date the discovery period ended. *Id.* The district court affirmed the magistrate judge's denial of D'Amato's motion to compel this discovery and extend the discovery deadline, noting that such a request is appropriate prior to the end of the discovery period, but not after the discovery period has ended. *Id.* The district court also noted that it had previously addressed and denied the issue upon which D'Amato sought discovery. *Id.* The Sixth Circuit affirmed the district court's denial of D'Amato's discovery request, noting that counsel for D'Amato acknowledged that he became aware of the need for additional discovery several months before he made the request, and that the delay was dilatory. *Id.* at 541-52. The Sixth Circuit also found that D'Amato failed to show that granting the additional discovery would have changed the outcome of the case. *Id.* at 542.

Defendants argue that the circumstances of this case are similar to those in *Audi* and that the five factors a court should consider when considering Rule 56(d) relief do not weigh in plaintiff's favor.

Upon the Court's review of these factors, particularly, whether plaintiff was dilatory, the Court does not agree with defendants that the M&O is contrary to law or clearly erroneous. Plaintiff asserts that while she attempted to locate the CI, she was unable to do so prior to the protective order being entered. She submits that defendants served her with a document that contained the CI's redacted address and that she requested a background

7

check on the CI from the Tennessee Bureau of Investigation (the "TBI"), but that the TBI was unable to obtain the CI's contact information.  Last, counsel for plaintiff informed counsel for defendants prior to submitting her response to the summary judgment motion that plaintiff desired to take the CI's deposition and the parties set aside July 18 and 19 for that purpose.  Plaintiff, however, was unable to locate the CI.  While the Court does not find plaintiff's efforts to locate the CI to be exhaustive, the Court does not find these circumstances to rise to the level of dilatory conduct as that described in *Audi*.

In addition, in *Audi*, the district court noted that it had previously ruled on and denied the sought-after discovery and that even if the discovery request was granted, it would not have affected the outcome of the case.  Here, in this case, the Court has not previously ruled on or denied the discovery sought by plaintiff, and the Court has no indication that the requested discovery would not affect the outcome of this case.  Rather, plaintiff has asserted to the contrary, that the deposition of the CI is necessary.

However, in light of the notice filed by plaintiff and the circumstances referenced therein—that plaintiff is unable to locate the CI—the Court finds that the relief plaintiff requested and was granted in the M&O is no longer reasonably attainable because counsel for plaintiff has indicated that he will not be able to conduct the deposition of the CI "as soon as practicable and without delay" due to inability to locate the CI and that counsel most "likely will never be able to do so" [Doc. 47, p. 1].  Thus, because the discovery period has ended, because the summary judgment motion has been fully briefed, and because counsel

8

Case 3:10-cv-00153-TAV-HBG   Document 49   Filed 09/23/11   Page 8 of 9   PageID #: 488

check on the CI from the Tennessee Bureau of Investigation (the "TBI"), but that the TBI was unable to obtain the CI's contact information.  Last, counsel for plaintiff informed counsel for defendants prior to submitting her response to the summary judgment motion that plaintiff desired to take the CI's deposition and the parties set aside July 18 and 19 for that purpose.  Plaintiff, however, was unable to locate the CI.  While the Court does not find plaintiff's efforts to locate the CI to be exhaustive, the Court does not find these circumstances to rise to the level of dilatory conduct as that described in *Audi*.

In addition, in *Audi*, the district court noted that it had previously ruled on and denied the sought-after discovery and that even if the discovery request was granted, it would not have affected the outcome of the case.  Here, in this case, the Court has not previously ruled on or denied the discovery sought by plaintiff, and the Court has no indication that the requested discovery would not affect the outcome of this case.  Rather, plaintiff has asserted to the contrary, that the deposition of the CI is necessary.

However, in light of the notice filed by plaintiff and the circumstances referenced therein—that plaintiff is unable to locate the CI—the Court finds that the relief plaintiff requested and was granted in the M&O is no longer reasonably attainable because counsel for plaintiff has indicated that he will not be able to conduct the deposition of the CI "as soon as practicable and without delay" due to inability to locate the CI and that counsel most "likely will never be able to do so" [Doc. 47, p. 1].  Thus, because the discovery period has ended, because the summary judgment motion has been fully briefed, and because counsel

for plaintiff has indicated that it is not likely that he will be able to locate the CI, the Court will deny as moot plaintiff's motion for additional time to take discovery.

## IV. Conclusion

In sum, the Court does not find the M&O clearly erroneous or contrary to law and defendants' objection [Doc. 45] to the Memorandum and Order by Magistrate Judge Guyton is **OVERRULED** and the Memorandum and Order [Doc. 41] is **AFFIRMED**. However, given the change in the circumstances of this case as described above, plaintiff's representations in the notice that she has not and most likely cannot conduct a deposition of the CI, and because the Court declines to extend the magistrate's holding in the M&O to an indefinite time in the future when plaintiff might be able to conduct the sought-after deposition, plaintiff's motion for additional time to take discovery [Doc. 37] is hereby **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:10-cv-00153-TAV-HBG   Document 49   Filed 09/23/11   Page 9 of 9   PageID #: 489